CUDAHY, Circuit Judge,
concurring.
I join without reservation the comprehensive majority opinion and write separately only to comment briefly on the issue of willfulness that is the sole basis of decision here. “Willfulness” may include recklessness, and that is specifically the question here. See Safeco Ins. Co. v. Burr, 551 U.S. 47, 69, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007); see also Long v. Tommy Hilfiger U.S.A., Inc., 671 F.3d 371 (3d Cir.2012). According to Safeco, at least with unclear text and in the absence of authoritative guidance or case law, the appropriate and sole measure of recklessness is objective reasonableness. Safeco, 551 U.S. at 70 n. 20, 127 S.Ct. 2201. Following Safeco, this may be determined as a matter of law and without trial. See id. at 71, 127 S.Ct. 2201. Such a course is consistent with the nature of the test, which presumably establishes that the risk of harm has not been increased by any objectively reasonable interpretation of the statute. Here, the majority opinion reasonably hypothesizes that the risk of identity theft is not affected by which series of numbers is blocked, so long as no more than five are visible.
In the present case, the district court found that Shell’s interpretation of the statute was incorrect but did not rule on the interpretation’s objective reasonableness. The district court discussed willfulness-recklessness in terms of state-of-mind evidence reflected in Shell’s procedure in evaluating its conformity with the statute — an approach which the plaintiff also urged. There is much discussion of Shell’s use of non-lawyers (and non-college gradu *492 ates) to evaluate its compliance with the statute. It is not clear whether Shell ever submitted the question of compliance to counsel, since, at one point, communications with counsel were ruled inadmissible on grounds of privilege. Van Straaten v. Shell Oil Prods. Co., 813 F.Supp.2d 1005, 1017 (N.D.Ill.2011). Simply as a matter of normal procedure, it is hard to imagine the issue of compliance not being submitted to counsel. Had Shell sought the advice of counsel in conforming with the statute, Shell might have claimed immunity on that basis (although Safeco leaves undecided whether such a claim could succeed in the context of that case). Safeco, 551 U.S. at 70 n. 20, 127 S.Ct. 2201. However, the issue pursued in the ease before us is not related to immunity but to whether assigning the matter of statutory compliance to non-lawyers might be evidence of recklessness. Of course, that question rests with the objective reasonableness of the interpretation, which is demonstrated by the majority opinion, and the credentials of Shell’s evaluators are irrelevant.
Because the district court pursued these various threads of allegedly deficient procedure by Shell — and thereby created issues of fact — it is not surprising that the district court erroneously denied summary judgment and prescribed jury trial to determine willfulness. However, in the absence of increase in risk of harm as demonstrated by the finding of objective reasonableness, the latter is dispositive as a matter of law.