**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3301
_____

EDWARD BUKSTEL,
                    Appellant

v.

JEHU HAND; DYLAN STEINBERG; JOHN STAPLETON; HANGLEY ARONCHICK
SEGAL PUDLIN & SCHILLER; CARLOS DUQUE; JOHN ROBISON; JEREMIAH
LEARNED HAND; KEVIN LEE WOODBRIDGE; ARYADNE WOODBRIDGE;
KIMBERLY PETERSON; PETER EDWARD SHERIDAN

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-03951)
District Judge:  Honorable Michael M. Baylson

_____

Submitted on Motions for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 29, 2016

Before: GREENAWAY, JR., SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 11, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Edward Bukstel appeals the District Court's orders denying his motion to recuse and dismissing his complaint. Bukstel filed a motion asking us to summarily vacate the District Court's orders, and the defendants filed a cross-motion seeking summary affirmance. For the reasons detailed below, we will deny Bukstel's motion, grant the defendants' motion, and summarily affirm.

In 2011, investors in VitaminSpice, Inc., a company founded by Bukstel, filed a federal complaint in which they alleged that Bukstel and VitaminSpice had committed conversion and securities fraud, and had unlawfully prevented plaintiffs from selling their VitaminSpice stock in violation of the Uniform Commercial Code. Bukstel answered and filed counterclaims. In 2012, attorneys from Hangley, Aronchick, Segal, Pudlin & Schiller entered their appearance for the plaintiffs/counterclaim defendants. In 2013, the parties reached a settlement agreement, and the District Court dismissed the case. See E.D. Pa. Civ. A. No. 11-3718.

In 2014, Bukstel filed a "Motion for 60(b)(3) Fraud on the Court" in that action. He claimed that the defendants and the Hangley attorneys had engaged in a variety of improper conduct. Among many other things, he alleged that Advanced Multilevel Concepts — one of the plaintiffs/counterclaim defendants — was a fictitious entity that could not have possessed valid claims against him, and that the Hangley lawyers covered up that fact. In a thorough opinion, the District Court denied Bukstel's motion.

Bukstel did not appeal that decision to this Court. Instead, in 2015, he filed a new complaint, naming as defendants the plaintiffs/counterclaim defendants from the original action, as well as Hangley and its lawyers. He purported to assert claims under Fed. R.

2

Civ. P. 60(b) and the Dragonetti Act, 42 Pa. Cons. Stat. § 8351; he also alleged fraud on the Court. Although Bukstel's allegations were sprawling, his central claim was again that Advanced is not a real company and that the Hangley lawyers committed fraud by litigating on behalf of a fictitious entity. Bukstel also filed a motion to recuse, alleging that the District Judge is close friends with Mark Aronchick, who is a named shareholder of Hangley (and who has not entered his appearance in any of these proceedings). The District Court dismissed the complaint. The Court ruled that Rule 60(b) does not provide a civil cause of action and that, even if it did, the Court had already denied the claims when Bukstel raised them in his initial Rule 60(b) motion. The Court also declined to exercise supplemental jurisdiction over the state-law claims. Finally, the Court denied the motion to recuse. Bukstel filed notices of appeal as to those orders.

We have jurisdiction under 28 U.S.C. § 1291. See Long v. Tommy Hilfiger USA, Inc., 671 F.3d 371, 373 (3d Cir. 2012); United States v. Yonkers Bd. of Educ., 946 F.2d 180, 183 (2d Cir. 1991) (per curiam). We exercise plenary review over the District Court's order dismissing Bukstel's complaint, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and review its denial of the motion to recuse for abuse of discretion, see Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 166 (3d Cir. 2004). As noted above, the parties have filed cross-motions for summary action; we will take summary action if "no substantial question is presented." See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We will summarily affirm the District Court's judgment. First, the District Court did not err in dismissing Bukstel's complaint. As the Court observed, Rule 60(b) does not provide a civil cause of action. See 28 U.S.C. § 2072(b); Handeen v. Lemaire, 112

3

F.3d 1339, 1345 n.8 (8th Cir. 1997). Moreover, to the extent that Bukstel sought either to file a second Rule 60(b) motion in the underlying action or file a separate action for fraud on the court, see generally Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 70 (2d Cir. 1990), his claims are barred by the District Court's denial of those same claims when Bukstel raised them in his initial Rule 60(b) motion. See Robinson v. Volkswagenwerk AG, 56 F.3d 1268, 1275 (10th Cir. 1995); Locklin v. Switzer Bros., 335 F.2d 331, 335 (7th Cir. 1964); see also Charles A. Wright, et al., 18a Federal Practice & Procedure § 4447 ("Application of issue preclusion to questions actually litigated and decided in post-judgment proceedings is as appropriate as in any other setting. One adequate opportunity to try the issue is enough."). Moreover, having dismissed Bukstel's federal claims, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over his state-law claims. See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999).

Nor did the District Court abuse its discretion in denying the motion to recuse. A judge must recuse if "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003). Typically, a judge need not recuse merely because he or she is friends with an attorney in the case. See Henderson v. Dep't of Pub. Safety & Corr., 901 F.2d 1288, 1295-96 (5th Cir. 1990). Any potential bias here was mitigated by the fact that Mark Aronchick was not involved in any way in this case. See Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 665 (8th Cir. 2003). While Bukstel presents additional (and irresponsible) allegations — such as that the District Judge and

4

Aronchick conspired to have Bukstel evicted from his home — these types of "unsubstantiated allegations" provide no support for his motion. United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989).[1] Moreover, even if the District Judge should have recused, given our conclusion that the District Court was correct to dismiss Bukstel's complaint, any recusal error would be harmless. See Selkridge, 360 F.3d at 734.

Accordingly, we deny Bukstel's motion for summary action, grant the defendants' cross-motion, and will summarily affirm the District Court's judgment. Bukstel's numerous pending motions, to the extent that they request additional relief, are denied.

---

[1] Bukstel also alleges that Aronchick's daughter previously served as a law clerk to the District Judge. However, "[i]f a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified." Mathis v. Huff & Puff Trucking, Inc., 787 F.3d 1297, 1311 (10th Cir. 2015) (alteration in original) (quoting Hunt v. Am. Bank & Trust Co., 783 F.2d 1011, 1016 (11th Cir. 1986)). There is no suggestion that this law clerk worked on any part of this case.