*Shimon v. Equifax Information Services LLC*

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2020

(Submitted: January, 20, 2021    Decided: April 9, 2021)

Docket No. 20-689

JACOB Y. SHIMON,

*Plaintiff-Appellant,*

–v.–

EQUIFAX INFORMATION SERVICES LLC,

*Defendant-Appellee.*

B e f o r e :

KEARSE, LEVAL, and CARNEY, *Circuit Judges*.

Asset Acceptance, LLC ("Asset Acceptance"), brought a debt collection action against Plaintiff-Appellant Jacob Shimon in New York State court. In March 2013, the Clerk of Kings County Civil Court entered a $21,692.09 default judgment against Shimon in Asset Acceptance's favor. On the strength of the default, Asset Acceptance began garnishing Shimon's wages. Shimon then appeared in the action and, in December 2013, he and Asset Acceptance signed a stipulation of settlement. In 2014, Shimon learned that Defendant-Appellee Equifax Information Services LLC ("Equifax"), a credit reporting service, was including the 2013 default judgment on his

credit report. Shimon objected, and Equifax updated its report to describe the default judgment as "satisfied." Shimon corresponded with Equifax throughout 2016, disputing the accuracy of this description and asking for details regarding the source of Equifax's information.

Shimon then sued Equifax, alleging that, in reporting the judgment as "satisfied" and in its subsequent dealings with Shimon, Equifax willfully and negligently violated the source-disclosure, accurate reporting, and reinvestigation provisions of the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. §§ 1681g(a)(2), 1681e(b), 1681i(a)(6)-(7). Shimon now appeals from the district court's dispositions of these claims in Equifax's favor by dismissal (as to one) and grant of summary judgment (as to the others). We conclude that the district court correctly determined that Equifax's credit report was accurate; that Shimon could not establish damages arising from Equifax's allegedly negligent conduct; and that Equifax need not prove it actually interpreted the FCRA in line with its claimed reasonable interpretation to rely on the reasonable-interpretation defense established by *Safeco Insurance Company of America v. Burr*, 551 U.S. 47, 57 (2007).

AFFIRMED.

———————

Daniel Zemel, Zemel Law LLC, Clifton, NJ, *for Appellant*.

John Christopher Toro, Gabriel Krimm, Zachary Andrew McEntyre, Katherine M. Stein, King & Spalding, Atlanta, GA, Washington, D.C., and Austin, TX, *for Appellee*.

———————

CARNEY, *Circuit Judge*:

In this case, we apply the source-disclosure, accurate reporting, and reinvestigation provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681g(a)(2), 1681e(b), 1681i(a)(6)-(7), to a credit reporting service's actions. We conclude that the district court correctly determined that the service's report that a judgment was "satisfied" was accurate; that the consumer did not establish damages arising from the service's allegedly negligent conduct; and that the service need not prove that it actually interpreted the FCRA in line with its claimed reasonable

2

interpretation to avail itself of the reasonable-interpretation defense established by *Safeco Insurance Company of America v. Burr*, 551 U.S. 47, 57 (2007). Accordingly, we AFFIRM the judgment of the district court.

## BACKGROUND

Jacob Shimon was named as defendant in a 2012 New York state court action in which Asset Acceptance, LLC, sought to collect on a debt incurred with a credit card issued to Shimon. In March 2013, the Clerk of Kings County Civil Court entered a default judgment on the action against Shimon in the amount of $21,692.09 (the "Judgment"). On the strength of the Judgment, Asset Acceptance began to garnish Shimon's wages.

In October 2013, Shimon appeared in the action, moving for vacatur of the Judgment and asserting a counterclaim against Asset Acceptance. In December, however, before the state court acted on the vacatur motion, Shimon and Asset Acceptance jointly filed a stipulation that "resolved" the action and "discontinued" all claims "with prejudice" (the "Stipulation"). App'x 166. Under the Stipulation, Asset Acceptance retained whatever sums it had collected by its garnishment of Shimon's wages and Shimon was precluded from further pursuing his counterclaim. The court "so-ordered" the Stipulation by a notation on the document, and, on the court's docket, the Clerk of Court entered the notation, "Settled." App'x 75-76.

In 2014, Equifax's credit report regarding Shimon showed that a judgment had been entered against him in a court proceeding. (The full text is set out in the margin.)[1] By letter dated May 1, 2014, Shimon informed Equifax that the report was inaccurate

---

[1] The entire entry read: "03/2013, JUDGEMENT, 404VC00036 , $17953, DEF - SHIMON JACOB Y, CV02310712KI ASSET ACCEPTANCE LLC." App'x 215.

because (as he phrased it) the judgment had been "dismissed after Trial." App'x 217. In the same letter, he also requested that this part of the report be "removed" and that Equifax "correct the information." *Id.*

Equifax's records reflect that it received Shimon's May 1 request on May 12, and that, within days, it amended its notation regarding the Judgment to read "JUDGMENT SATISFIED." App'x 81.

The record is not clear about whether Shimon contacted Equifax again in 2014 or in 2015 to further dispute aspects of its credit report about him. The record is clear, however, that over the course of 2016, Shimon contacted Equifax repeatedly by phone and letter, disputing the accuracy of the "JUDGMENT SATISFIED" statement and asking Equifax how it had verified the statement. Equifax responded to Shimon's inquiries, advising him that the disputed entry was verified by the Kings County Civil Court and asserting that it was accurate. During this time, it continued to report that the Judgment was "satisfied."

In May 2018, purporting to sue on behalf of a class, Shimon sued Equifax in the United States District Court for the Eastern District of New York. He alleged that Equifax willfully and/or negligently violated various FCRA provisions by persisting in publishing this report and failing to follow certain of the FCRA's procedural notice requirements. The district court (Cogan, *J.*) dismissed one of his FCRA claims under Fed. R. Civ. P. 12(b)(6), denied leave to amend that claim, and granted summary judgment to Equifax on Shimon's remaining FCRA claims. Shimon timely appealed.

## DISCUSSION

### I. Standard of Review

We review de novo the dismissal of a complaint for failure to state a claim. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We also review de novo a

grant of summary judgment, drawing all reasonable inferences in favor of the non-moving party. *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001). Although we generally review denials of leave to amend for abuse of discretion, in cases in which the denial is based on futility, we review de novo that legal conclusion. *Starr v. Sony BMG Music Ent.*, 592 F.3d 314, 321 (2d Cir. 2010).

## II. Shimon's FCRA Claims

The FCRA "was enacted in 1970 amidst concerns about the accuracy of information disseminated by credit reporting agencies." *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 444 (2d Cir. 2015). If a reporting agency "willfully fails to comply with any requirement" of the FCRA, it may be held liable for actual damages "of not less than $100 and not more than $1000" per consumer, as well as potentially for punitive damages. 15 U.S.C. § 1681n. If a reporting agency negligently violates a provision of the FCRA, it may be held liable for actual damages arising from the violation. *Id.* § 1681o.

### A. Reporting Claims

Shimon maintains that Equifax's description of the Asset Acceptance Judgment as "satisfied" was inaccurate and rendered Equifax liable to him under § 1681e(b). As a district court within the Circuit recently observed, "the overwhelming weight of authority holds that a credit report is inaccurate either when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Khan v. Equifax Information Services, LLC*, No. 18-cv-6367 (MKB), 2019 WL 2492762, at *3 (E.D.N.Y. June 14, 2019) (collecting cases).[2] *See Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) ("A report is inaccurate when

---

[2] Unless otherwise indicated, this Opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from reported decisions.

it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect."). In its ruling on Equifax's summary judgment motion, the district court found that the description of the judgment as "satisfied" was accurate. We agree.

Shimon acknowledges that the New York court reported that the case against him was "settled." Appellant's Br. 3. He also does not dispute that Equifax was following a standard practice in the credit reporting industry by reporting a settled debt-collection judgment as "satisfied." Shimon nonetheless argues that, when the Kings Country Civil Court "so-ordered" the Stipulation, it also implicitly vacated the judgment. He accordingly maintains that Equifax was obligated to report the judgment as "vacated." But the state court docket did not reflect a vacatur, so this argument misses the mark.

Shimon contends further that, by denoting the judgment "satisfied," Equifax misled its readers: it thereby "impl[ied] that a judgment remains." Appellant's Br. 37. Describing a judgment as "satisfied," however, does not imply that it "remains"—if anything, it implies the opposite. *See* Satisfy, Merriam-Webster's Collegiate Dictionary (11th ed. 2003), 1b: "to discharge, meet a financial obligation to." Shimon advances no persuasive argument that Equifax's description of the Asset Acceptance Judgment as "satisfied" was "patently incorrect" or "misleading" in any way. *Khan*, 2019 WL 2492762, at *3.

The accuracy of Shimon's credit report is fatal to his § 1681e(b) claims that Equifax engaged in willful or negligently inaccurate reporting. Because we agree with

the district court that Shimon's credit report was accurate in this respect, we affirm its judgment dismissing those claims.[3]

      B.      <u>Source-Disclosure and Reinvestigation Negligence Claims</u>

We also affirm the district court's judgment with respect to Shimon's claims that Equifax negligently violated the FCRA's source-disclosure and reinvestigation provisions. *See* 15 U.S.C. § 1681g(a) (providing that "[e]very consumer reporting agency shall, upon request . . . clearly and accurately disclose to the consumer . . . [t]he sources of the information [in the consumer's file]"); *id.* § 1681i(a)(2), (6)-(7) (requiring consumer reporting agencies to "provide notification of the dispute to any person who provided any item of information in dispute," to "promptly provide to the person who provided the information in dispute all relevant information regarding the dispute," and, "after receiving a request from the consumer," to provide to the consumer within 15 days of the consumer's request "a description of the procedure used to determine the accuracy and completeness of the information . . . , including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher").

A successful claim for a negligent violation of an FCRA provision entitles the consumer plaintiff to recover "actual damages sustained . . . as a result of the failure."

---

[3] In his opening brief, Shimon also argues that the district wrongly disposed of his claim under 15 U.S.C. § 1681i(a)(1) based on the accuracy of his credit report. Section 1681i(a)(1) concerns a consumer reporting agency's general obligation to reinvestigate information a consumer disputes as inaccurate or incomplete in his or her credit report. Although our review of the record suggests that Shimon did not bring a claim under this provision, Shimon's argument on appeal would nonetheless fail. As with the § 1681e(b) claims, Shimon argues only that the district court wrongly determined that the credit report was accurate and dismissed his § 1681i(a)(1) claim on that basis. Because the district court correctly concluded that the credit report was accurate, Shimon's argument on appeal with respect to his § 1681i(a)(1) claim would fail even if the claim were properly before this Court.

*Id.* § 1681o(a). A plaintiff "bears the burden of proving actual damages sustained as a result of [the reporting agency's] activities," and, in the absence of such proof, the plaintiff's FCRA claim cannot survive summary judgment. *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473-74 (2d Cir. 1995). Shimon's negligence claims under § 1681g and § 1681i thus require that he put forth evidence that he suffered actual damages when Equifax failed to disclose and to treat LexisNexis as the "source" and "furnisher" of the information from the Kings County Civil Court that Equifax ultimately relied on.

The district court granted summary judgment to Equifax on Shimon's § 1681g source-disclosure negligence claim based upon its conclusion that, even if Equifax should have disclosed LexisNexis as a "source," Shimon presented no evidence that he suffered any actual damages resulting from the failure. On appeal, Equifax adopts the district court's "no-actual-damages" approach to argue for affirming the judgment with regard to Shimon's § 1681i reinvestigation negligence claim as well as with regard to the source-disclosure claim.

We agree that Shimon has failed to present any evidentiary basis for concluding that he suffered actual damages as a result of Equifax not disclosing or treating LexisNexis as a "source" or "furnisher" of information to it about the Judgment. Since the characterization provided by Equifax in its credit report was accurate, for Shimon to have learned that LexisNexis was the intermediary source of Equifax's information from the court would not have enabled Shimon to avoid the emotional damage he claims to have suffered as a result of Equifax's report that the debt was "satisfied." Nor would he have avoided any of the costs he claims to have incurred in disputing the credit report. Shimon points to no damages to him arising from Equifax's failure to treat LexisNexis as a "source" or "furnisher" of the information and notify it of Shimon's dispute. Accordingly, Equifax is entitled to judgment with respect Shimon's § 1681g and § 1681i negligence claims.

C.     Source-Disclosure and Reinvestigation Willfulness Claims

Shimon also brought claims against Equifax for willful violations of § 1681g and § 1681i. In *Safeco Insurance Company of America v. Burr*, the Supreme Court held that a credit reporting agency may "willfully" violate the FCRA by acting in "reckless disregard of statutory duty." 551 U.S. 47, 57 (2007) ("*Safeco*"). The Court explained that a company does not act in "reckless disregard" of the FCRA, however, if its "reading of the statute . . . was not objectively unreasonable." *Id.* at 69.

The district court dismissed Shimon's § 1681g willfulness claim after concluding that Equifax reasonably interpreted "source" not to include a contractor-intermediary doing what LexisNexis did in this case. In responding to Shimon's arguments on appeal, Equifax argues that its position that LexisNexis did not constitute a "furnisher of information" under § 1681i was reasonable as well, despite the district court's determination otherwise (and despite its award to Equifax of summary judgment on the claim on a different basis). *See* 15 U.S.C. § 1681i(a)(6). Shimon, for his part, challenges both the district court's determination with respect to § 1681g and Equifax's position on appeal with respect to § 1681i. In addition to contending that these interpretations are objectively unreasonable, Shimon argues that, to prevail on the *Safeco* defense, Equifax must demonstrate at summary judgment that it actually adopted these legal positions that it points to now as objectively reasonable.

The FCRA's reinvestigation provision requires that, under certain circumstances, consumer reporting agencies provide information about "any furnisher of information contacted in connection with such information," *id.* § 1681i(a)(6), and also that consumer reporting agencies provide notice of consumer disputes to "furnisher[s] of information." It defines "furnisher" to include "any person who provided any item of information in dispute." *Id.* § 1681i(a)(2). Equifax argues that it is reasonable for an

9

agency to construe this provision to exclude its own contractor charged with gathering public records on the agency's behalf.

The FCRA's source-disclosure rule requires consumer reporting agencies to disclose to the consumer, on request, the "sources of the information" in the consumer's file. *Id.* § 1681g(a)(2). Equifax argues that it is a reasonable construction of the statute to understand "sources of information" as referring to the original source of the reported information, as opposed to the identity of any contractors that gathered the information on an agency's behalf.

We agree with Equifax that these are reasonable interpretations of both of these provisions. It is an objectively reasonable reading of these provisions to exclude from "furnisher" and "sources" a contractor such as LexisNexis working on the reporting agency's behalf when the information in question is contained in a particular set of files, the consumer reporting agency identified the court and its files as the "furnisher" or "source" of the information, and the function of the undisclosed contractor was to check those files to determine the accuracy of the report.

For Shimon, this conclusion does not exonerate Equifax. He parries that, even if, invoking *Safeco*, Equifax can point to reasonable interpretations of these statutes that support its conduct, the agency is entitled to the defense *only* if it can establish that it *actually interpreted* § 1681g and § 1681i in these objectively reasonable ways before deciding not to disclose. It is on this basis, further, that Shimon moved for leave to amend his complaint for a third time, seeking to add allegations that Equifax had not actually adopted an interpretation of § 1681g(a)(2) when it declined to disclose LexisNexis as a "source" of the disputed information.

Like the other Circuit Courts to have addressed this question, we reject the proposition that a defendant must show that it actually and contemporaneously

10

adopted a particular statutory interpretation to avail itself of the *Safeco* defense. The *Safeco* Court emphasized that whether a company committed a willful violation of the FCRA must be an objective inquiry and dismissed arguments that "evidence of subjective bad faith" could create liability in the face of objectively reasonable interpretations. *Safeco*, 551 U.S. at 70 n.20. In the Court's view, "Congress could not have intended such a result for those who followed an interpretation that could reasonably have found support in the courts, whatever their subjective intent may have been." *Id.*

Shimon's proposed reading of *Safeco* would introduce just the sort of subjective inquiry whose relevance the *Safeco* Court rejected. Accordingly, we conclude that Equifax did not need to prove that it actually adopted the interpretations that we conclude were "not objectively unreasonable" to avoid liability under § 1681g and 1681i. *Id.* at 69; *see Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371, 377 (3d Cir. 2012); *Levine v. World Financial Network National Bank*, 554 F.3d 1314, 1318-19 (11th Cir. 2009); *see also Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3d 486, 491 (7th Cir. 2012) (describing *Safeco* as "treat[ing] willfulness as a question of law" that "concerns *objective* reasonableness, not anyone's state of mind"). We therefore affirm the district court's dismissal of Shimon's § 1681g willfulness claim; affirm the district court's judgment for Equifax on Shimon's § 1681i willfulness claim; and affirm the district court's denial of Shimon's motion for leave to file a second amended complaint as futile.

## CONCLUSION

Shimon chose to expend considerable time and energy contesting an accurate credit report: when Equifax advised its customers that the judgment against Shimon was "satisfied," it gave an accurate report. Further, in response to his repeated inquiries, Equifax told Shimon—accurately—that Equifax obtained the information that appeared in the credit report from the Kings County Civil Court. We do not decide

11

whether the FCRA might be read to obligate Equifax to respond to Shimon's source-disclosure and reinvestigation requests by informing him of LexisNexis's role in gathering from the Kings County Civil Court and verifying the information. We decline to reach that question for two independent reasons: First, because § 1681g and § 1681i can be reasonably interpreted not to require such a disclosure and no more need be shown; and second, because even if Equifax was negligent in determining its obligations under those provisions, Shimon can point to no harm he suffered as a result.

We have considered Shimon's remaining arguments on appeal and find in them no basis for reversal. The judgment of the district court is **AFFIRMED**.