21-489-pr
*McKenzie v. Obertean*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of November, two thousand twenty-one.

PRESENT:  PIERRE N. LEVAL,
JOSÉ A. CABRANES,
DENNY CHIN,
*Circuit Judges.*

---

DONYELL MCKENZIE,

*Plaintiff-Appellant,*                                           21-489-pr

v.

HOPE OBERTEAN, NURSE PRACTITIONER,

*Defendant-Appellee,*

T. MCNAUGHTON, MEDICAL STAFF EMPLOYEE AT WENDE CORRECTIONAL FACILITY, ECKERT, SUPERINTENDENT OF WENDE CORRECTIONAL FACILITY, IGRC SGT., WENDE CORRECTIONAL FACILITY,

*Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**                    Donyell McKenzie, *pro se*, Alden, NY.

1

**FOR DEFENDANT-APPELLEE:**                    Dustin J. Brockner, Assistant Solicitor
                                               General, Victor Paladino, Senior Assistant
                                               Solicitor General, Barbara D. Underwood,
                                               Solicitor General, *for* Letitia James,
                                               Attorney General, Albany, NY.

Appeal from orders and judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 5, 2019 and January 28, 2021 orders and judgment of the District Court be and hereby are **AFFIRMED.**

Plaintiff Donyell McKenzie ("McKenzie"), *pro se*, appeals from orders and judgment of the District Court denying him leave to file a supplemental complaint and granting summary judgment to the Defendant, Hope Obertean ("Obertean"), a nurse practitioner at Wende Correctional Facility, where McKenzie is incarcerated. McKenzie alleged that in July 2016, Obertean ordered him to go to the prison infirmary following a high blood pressure reading, based on which McKenzie sued Obertean under 42 U.S.C. § 1983, asserting a violation of his Fourteenth Amendment right to refuse medical treatment. In August 2018, McKenzie moved for leave to file a supplemental complaint under Federal Rule of Civil Procedure 15, which the District Court denied. The District Court then granted summary judgment to Obertean, finding McKenzie's claim was barred by qualified immunity. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when . . . 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "Although we generally review denials of leave to amend for abuse of discretion, in cases in which the denial is based on futility, we review de novo that legal conclusion." *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021).

"Qualified immunity insulates public officials from claims for damages where their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Defore v. Premore*, 86 F.3d 48, 50 (2d Cir. 1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Generally, it "protects all but the plainly incompetent or those who knowingly violate the law." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017) (internal quotation marks omitted).

A prisoner "has a constitutionally protected liberty interest in refusing unwanted medical treatment" under the Fourteenth Amendment. *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 278 (1990). However, that right is not unqualified, and "must be balanced against the

2

state's interest in effective prison administration. . . . The state may infringe upon a prisoner's constitutional rights so long as the infringing regulation or policy is reasonably related to legitimate penological interests." *Pabon v. Wright*, 459 F.3d 241, 252 (2d Cir. 2006) (internal quotation marks omitted).

On July 21, 2016, McKenzie was given a routine "call out" medical examination, and his blood pressure reading of 221/118 indicated he was having a hypertensive crisis. In his complaint, McKenzie alleged that Obertean ordered him to be taken to the infirmary, and that he asked for a medical treatment refusal form, which he claimed "was eventually brought" to him "after hours of being in the infirmary." Am. Complaint 4. On his refusal form, McKenzie indicated that he had been "forced to go to the infirmary against [his] will" and that he "specifically stated that [he] did not want to go to or be treated in the infirmary." Record on Appeal ("ROA") Doc. 59-3 at 187. He wrote that he had been "told that [he] could not leave until [he] took medication to make [his] blood pressure go down," and that "[u]nder these circumstances" he would "take HCTZ 25," a blood-pressure medication, but "[o]nly because [he was] being forced." He also wrote that he would "take 1 Colnin as needed," an apparent reference to the blood-pressure medication Clonidine. *Id.*

McKenzie's medical records show that, over approximately the next 24-hours, he took two doses of Clonidine, and that he also "stated he would accept HCTZ," but not that he ever actually took any. *Id.* at 158. The records further show that he refused to take a dose of the blood-pressure medication Norvasc. *Id.* He was discharged from the infirmary the morning of July 22, 2016.

Even construing the record in McKenzie's favor, as we are required to do, that record does not substantiate his claims that he was ever "forced" to take medication or that he was coerced into doing so by being kept in the infirmary. *Cf. McCormick v. Stalder*, 105 F.3d 1059, 1061–62 (5th Cir. 1997) (holding that prisoner was not unconstitutionally coerced into taking tuberculosis medication by given the option of taking the medication or remaining isolated for observation). Indeed, McKenzie's own opposition to summary judgment acknowledges that his release from the infirmary was *not* made contingent on his taking any medication against his will: "[Obertean's] only timeline was for [McKenzie] to be released when [his] blood pressure was considered stable." Pl. Opp'n. Summ. J. 11. The evidence thus establishes that McKenzie was held in the infirmary for observation because he was experiencing "uncontrolled" hypertension, consented to taking certain blood-pressure medication, exercised his right to refuse certain other medication, and was released when he was no longer in a state of hypertensive crisis. ROA Docs. 59-3 at 156, 158, 187.

Accordingly, the only genuine issue is whether it was "clearly established" that ordering McKenzie to the infirmary itself constituted "medical treatment" that was within his Fourteenth Amendment right to refuse.

We are not convinced that merely ordering an inmate to the infirmary for observation during a medical crisis, without more, constitutes "medical treatment" *at all*—much less that doing so

violates a clearly established right. We have previously held, for example, that "the mere act of transporting a person to the hospital" does not constitute medical treatment under the Fourteenth Amendment. *Green v. City of New York*, 465 F.3d 65, 85 (2d Cir. 2006). And even if observation in the infirmary *did* constitute medical treatment, we have previously held that a prisoner's right to refuse treatment "must give way" to certain "penological interests," such as the prevention of "disruption by illness-induced behaviors." *Pabon*, 459 F.3d at 252. In this case, McKenzie could have experienced a "catastrophic medical event, potentially in a communal area," which would have created an "extremely disruptive environment." Def. Br. 9. This combination of precedents entitle Obertean to qualified immunity from McKenzie's claims: it was not established—much less *clearly* established—that McKenzie's right to refuse medical treatment included a right not to be held in the infirmary for observation.

Finally, we easily reject McKenzie's appeal of the District Court's denial of his Rule 15 motion.

McKenzie argues that he was entitled to amend his complaint as of right because other violations of his right to refuse medical treatment occurred in May 2018, after he filed his complaint. He is incorrect as a matter of law. Fed. R. Civ. P. 15(a)(1)–(2) (except under conditions not relevant here, "a party may amend its pleading only with the opposing party's written consent or the court's leave"); Fed. R. Civ. P. 15(d) ("[T]he court may, on just terms, permit a party to serve a supplemental pleading"). In any event, the District Court denied leave to amend based on futility. The District Court correctly held that the facts McKenzie sought to add—about incidents in May 2018 when he *successfully* refused medical treatment—did not state a cognizable claim under the Fourteenth Amendment. Alleging the successful exercise of a right clearly does not state a claim for a violation of that right. *See Pabon*, 459 F.3d at 248.

## CONCLUSION

We have reviewed all of the arguments raised by McKenzie on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 5, 2019 and January 28, 2021 orders and judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk