*Curcio v. Grossman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of January, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, Jr.,
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

ROSANNA CURCIO,

> *Plaintiff-Appellant,*

> v.                                                     22-693

DONNA E. ABRAMS, LAURA ROBERTS, COUNTY OF PUTNAM, PUTNAM JUDGE VICTOR GROSSMAN,

> *Defendants-Appellees.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Andrew Lavoott Bluestone, New York, NY. |
| For Defendant-Appellee Abrams: | Lisa L. Shrewsberry, Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY. |
| For Defendants-Appellees Roberts, County of Putnam, Grossman: | James A. Randazzo, Portal Randazzo LLP, White Plains, NY; Jennifer Bumgarner, Putnam County Department of Law, Carmel, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Rosanna Curcio appeals the sua sponte dismissal of her complaint, arguing principally that the district court should have afforded her notice and the opportunity to respond before dismissal. Though it is typically an abuse of discretion to dismiss sua sponte without notice, we conclude that the unique facts in this case present one of the few instances where sua sponte dismissal without notice, though not best practice, is appropriate

We assume the parties' familiarity with the facts and procedural history, which we discuss only as necessary to explain our decision to affirm. In May 2021, Curcio, then pro se and proceeding *in forma pauperis*, filed a complaint in the Southern District of New York (Swain, *J.*) arising out of divorce and child-custody proceedings in Putnam County Supreme Court ("*Curcio I*"). The complaint accused the defendants of violating Curcio's constitutional rights by manipulating the proceedings in favor of her former husband. As relevant here, Curcio alleged that one of her former husband's attorneys and part-time Putnam County prosecutor, Laura Roberts, worked with the court-appointed guardian ad litem, Donna Abrams, to fabricate criminal charges against Curcio and engineer her arrest in order to gain a tactical advantage in the ongoing custody case. Putnam County Judge Victor Grossman, meanwhile, allegedly retaliated against Curcio and continued to preside over the custody case despite a purported loss of jurisdiction.

The May 2021 lawsuit was dismissed in June of that year. The district court held that Judge Grossman had absolute judicial immunity and that Abrams, who was appointed by the family court to represent Curcio's children, was not a state actor for purposes of a § 1983 suit. As

2

to Roberts, the district court held that insofar as she was acting as counsel for Curcio's former husband she was not a state actor for purposes of § 1983 and that she otherwise enjoyed prosecutorial immunity for any actions taken in her role as a prosecutor. The district court then dismissed Curcio's due process claims under the *Rooker-Feldman* doctrine, her false arrest claim as untimely, and her malicious prosecution claim for failure to state a claim. The district court granted leave to amend the complaint as to the malicious prosecution claim only, but Curcio neither amended her complaint nor appealed the dismissal.

Instead, in February 2022, Curcio, again pro se, filed a fee-paid complaint, the subject of this appeal, against the same defendants ("*Curcio II*"). Her new complaint repeated entire paragraphs and sections verbatim from its predecessor while adding new material describing events that had transpired since the filing of the previous complaint and providing some additional background.

The district court (Briccetti, *J.*) sua sponte dismissed Curcio's February 2022 lawsuit with prejudice without first alerting Curcio that the court was contemplating dismissal or giving her an opportunity to respond. The court determined, *inter alia*, that claim preclusion ("res judicata") barred relitigation of claims that were or could have been previously adjudicated in the earlier lawsuit and that issue preclusion ("collateral estoppel") barred relitigating issues actually resolved by the court in *Curcio I*. Because, for example, *Curcio I* had already determined that Judge Grossman enjoyed judicial immunity and that Abrams and Roberts were not state actors for purposes of § 1983, the district court dismissed as collaterally estopped any new claims raising those issues in *Curcio II*. Finally, the district court concluded that these deficiencies could not be cured through further amendment and dismissed the complaint with prejudice.[1]

---

[1] The district court also dismissed claims against the County of Putnam for failure to state a claim because Curcio

Curcio timely appealed and is now represented by counsel. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* both the district court's sua sponte dismissal of a complaint for failure to state a claim and the district court's denial of leave to amend based on futility. *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021) (stating standard for review of denial of leave to amend); *Fed. Defenders of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 125 (2d Cir. 2020) (stating standard for review of sua sponte dismissal).

Curcio's primary contention is that the district court's failure to provide notice before dismissing her complaint sua sponte was procedurally improper and contrary to precedent. It is true that failure to provide notice and an opportunity to be heard prior to dismissal is a "bad practice in numerous contexts" and "reversible error" in others. *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018). But our cases acknowledge that in rare instances the process due a litigant may be satisfied by something other than formal notice, particularly where, as here, the frivolousness of a complaint is clear from prior litigation history and so "notice serves little purpose." *Ethridge v. Bell*, 49 F.4th 674, 683 (2d Cir. 2022) (quoting *Femia v. United States*, 47 F.3d 519, 524 (2d Cir. 1995)). Furthermore, in the context of successive identical complaints, we have recognized that district courts must have "inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (affirming sua sponte dismissal without discussion of notice where a plaintiff filed third complaint based on the same underlying allegations).

showed no municipal policy, custom, or practice that caused a violation of constitutional rights. The court also noted that the municipality could not be held liable for the actions of Judge Grossman, a state-court judge. Finally, the district court relied on various abstention doctrines to dismiss any injunctive claims that Curcio's pro se complaint could be liberally construed to raise. Curcio does not challenge the district court's determination of these issues.

4

Under the circumstances here—where the plaintiff had an opportunity to file an amended complaint in an initial action but instead began a new action with a complaint largely identical to the first—we conclude that the dismissal of the first action was sufficient to put Curcio on notice that another complaint arising from the same facts and advancing similar allegations against the same defendants would be vulnerable to dismissal. In a footnote, Curcio suggests she was not served with the order of dismissal in *Curcio I*. However, Curcio does not assert that she was not on *notice* of the prior order of dismissal. The order of dismissal in *Curcio I* came with a direction to the clerk's office to serve Curcio by mail and to "note service on the docket." *Curcio v. Grossman*, 21-cv-4452 (LTS), Dkt. No. 6 (S.D.N.Y. June 15, 2021). While the public docket does not contain such a notation from the clerk's office, the complaint in *Curcio II* reflects an attempt to plead around some of the defects identified in *Curcio I*, which suggests that Curcio in fact received notice of the prior dismissal—through service or by monitoring the docket. *See In re WorldCom, Inc.*, 708 F.3d 327, 341 (2d Cir. 2013) (stating that notice of entry of judgment under Fed. R. Civ. P. 77(d) "is meant merely for the convenience of litigants," who "at all times have an obligation to monitor the docket sheet to inform themselves" of significant developments in their cases (internal quotation marks and citations omitted)).

Curcio also argues that the new allegations in her complaint should not have been dismissed as barred by claim preclusion. But the district court properly applied claim preclusion only to the allegations that were or could have been litigated as of the filing date of the prior complaint, not the new allegations. *See Cayuga Nation v. Tanner*, 6 F.4th 361, 375 (2d Cir. 2021). Rather, *issue* preclusion, not claim preclusion, prevented reconsideration of issues of fact or law— such as immunity and lack of state-actor status—that affected both the old and new allegations. *See New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001); *Cayuga Nation*, 6 F.4th at 374.

5

Other than a cursory and conclusory aside in her brief, however, Curcio does not challenge the application of issue preclusion.

We have considered Curcio's remaining arguments and find them to be without merit. Given the application of claim and issue preclusion here, we agree with the district court that amendment would not have cured the flaws in Curcio's complaint.

In sum, we conclude that the failure to provide notice does not require remand in these circumstances, the complaint was properly dismissed, and leave to amend would have been futile. Under the particular and unusual facts presented, the district court's sua sponte dismissal without notice was not in error. Accordingly, we **AFFIRM** the district court's judgment.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court