23-1011-cv
*Berardi v. Berardi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-four.

PRESENT:
ROBERT D. SACK,
DENNY CHIN,
JOSEPH F. BIANCO,
*Circuit Judges*.

---

ELIZABETH S. BERARDI,

*Plaintiff-Appellant*,

v.                                                                23-1011-cv

EUGENE J. BERARDI, JR.,

*Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:         JOHN MARK LANE, J. Mark Lane, P.C., Larchmont, New York.

FOR DEFENDANT-APPELLEE:         JUSTIN A. HELLER, Nolan Heller Kauffman LLP, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on February 7, 2023, is **AFFIRMED**.

Plaintiff-Appellant Elizabeth Berardi ("Elizabeth") appeals from the district court's judgment dismissing, under Federal Rule of Civil Procedure 12(b)(1) and (6), her complaint alleging breach of contract and anticipatory breach against her former husband, Defendant-Appellee Eugene Berardi, Jr. ("Eugene"), and seeking a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, among other forms of relief. Her appeal also challenges the district court's order denying leave to file an amended complaint and denying her motion to amend the judgment. Elizabeth's claims concern her perception of Eugene's intention to breach the shareholder agreeents of companies in which Elizabeth owns a minority interest, as evidenced by Eugene's statements in a declaration he made indicating that he "presently intend[s] to leave [his] shares" in three public transportation companies "to [their] son Alexander (Alex) Berardi by testamentary bequest, if such a bequest is determined to be valid at the time of [Eugene's] death." Joint App'x at 300.

Eugene and Elizabeth are the primary shareholders in six public transportation companies, including the three identified in Eugene's declaration, with Eugene having a fifty-one percent ownership and voting interest in each, and Elizabeth, a forty-nine percent interest. Elizabeth alleges that the shareholder agreements for these companies contain rights of first refusal under which Eugene cannot transfer any of his shares without first offering them to Elizabeth. She contends that his proposed testamentary bequest violates, or would violate, those rights of first

2

refusal.[1]

In the district court, Eugene moved to dismiss the claim for relief under the Declaratory Judgment Act as unripe, under Rule 12(b)(1), and moved to dismiss the remaining claims—which alleged breach of contract and anticipatory breach and sought both injunctive and monetary relief—for failure to state a claim under Rule 12(b)(6). The district court granted the motion. *Berardi v. Berardi*, No. 1:22-cv-159 (BKS/DJS), 2023 WL 1795797, at *1 (N.D.N.Y. Feb. 7, 2023). With respect to the claim for declaratory relief, it observed that "Plaintiff ha[d] failed to establish anything beyond Defendant's present intent to make a testamentary bequest," *id.* at *7, and concluded that the parties' disagreement about whether such a bequest would be permitted was "not enough to give the [c]ourt jurisdiction" because any prospective injury to Elizabeth "turns on 'nebulous future events so contingent in nature that there is no certainty they will ever occur.'" *Id.* at *8 (quoting *Thomas v. City of New York*, 143 F.3d 31, 34 (2d Cir. 1998). The district court found on that basis that Elizabeth had failed to demonstrate any "actual or imminent injury or justiciable controversy" that would confer jurisdiction over the declaratory judgment claim. *Id.* The district court noted that, in his declaration, Eugene stated unequivocally that he would comply with the shareholder agreements. *Berardi*, 2023 WL 1795797, at *5; *see* Joint App'x at 212.

With respect to the remaining claims, it concluded that (1) Elizabeth had failed to plausibly allege breach of contract because she merely alleged that Eugene "*may* have already engaged in transfers in violation of [the Shareholder Agreements]," *id.* at *11 (quoting the complaint, with emphasis added), (2) that her breach-of-contract claim was in any event duplicative of her claim for anticipatory breach, and (3) that her anticipatory-breach claim did not, as it must, "plausibly allege that Defendant positively and unequivocally intended to breach the rights of first refusal in

---

[1] The parties agree that New York contract law governs her claims.

3

the Shareholder Agreements," *id.* at \*12 (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 112 (2d Cir. 2010)).  The district court dismissed the complaint without prejudice and entered judgment the same day.

Elizabeth subsequently moved to amend and for post-judgment relief to allow the amendment.  The district court rejected her argument that the newly alleged facts in her proposed amended complaint—including, *inter alia*, the declaration by Eugene quoted *supra* and her allegation that she would suffer injuries in the form of an inability to effectively conduct financial planning absent further relief—would establish ripeness or state a claim, based on its earlier findings and its reasoning that a right of first refusal is a unilateral, rather than mutual, obligation, and as such is not subject to the anticipatory breach doctrine.  *Berardi v. Berardi*, No. 1:22-cv-159 (BKS/DJS), 2023 WL 4544625, at \*4–5 (N.D.N.Y. June 12, 2023).  On appeal, Elizabeth challenges (1) the dismissal of her request for declaratory judgment as unripe, (2) the dismissal of her claims of breach and anticipatory breach for failure to state a claim; and (3) the denial of leave to file an amended complaint.

On appeal from a dismissal under Rule 12(b)(1) for lack of jurisdiction, we review the district court's legal conclusions *de novo* and its factual findings for clear error.  *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015).  We review a dismissal under Rule 12(b)(6) for failure to state a claim *de novo*.  *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015).  In doing so, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Declaratory Judgment

We affirm a dismissal under Rule 12(b)(1) when the district court "lacks the statutory or constitutional power to adjudicate" the action. *Cortlandt St. Recovery Corp.*, 790 F.3d at 417 (internal quotation marks and citation omitted). "Federal courts may adjudicate only those real and substantial controversies admitting of specific relief[,] as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Auerbach v. Bd. of Educ. of the Harborfields Cent. Sch. Dist. of Greenlawn*, 136 F.3d 104, 108 (2d Cir. 1998) (alterations adopted) (internal quotation marks and citation omitted). Accordingly, federal courts cannot exercise jurisdiction over a cause of action "[w]hen the events alleged . . . have not yet occurred," *id.* at 108–09, and because ripeness is jurisdictional, "we must presume that we cannot entertain [potentially unripe] claims unless the contrary appears affirmatively from the record," *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005) (internal quotation marks and citation omitted). Although an alleged injury suffices to confer jurisdiction when it "is certainly impending," *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979), "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all," *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks and citation omitted). This constitutional analysis of the Article III case-or-controversy standard is "coextensive" with the relevant inquiry of whether a cause of action is a "case of actual controversy," as required by the Declaratory Judgment Act. *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 92 (2d Cir. 2023). In other words, the Declaratory Judgment Act does not "provide a court with jurisdiction," *California v. Texas*, 593 U.S. 659, 672 (2021), nor does it "extend the jurisdiction of the federal courts," *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 196 (2014) (internal quotation marks and citation omitted).

5

Here, Elizabeth argues that her case is ripe for declaratory relief because she alleges Eugene's present intent is to transfer his shares to Alex by testamentary bequest, "if such a bequest is determined to be valid at the time of [his] death." Joint App'x at 300. She claims that "[a]ll of the components of that question [of the provision's validity] are present now, and the fact that there may be 'contingencies' that could yet affect future events does not in any way obviate that." Appellant's Reply Br. at 2. We disagree. As the district court accurately summarized, multiple contingencies must come to pass before Eugene's present intent to make a testamentary bequest would result in a breach of any right of first refusal. First, Eugene must include this intended provision in his will.[2] Second, Eugene, who is in his mid-sixties and in good health, must possess these shares at the time of his death. Third, Eugene must not have amended his will further before his death. Fourth, for Elizabeth to invoke any rights of first refusal, she must not only outlive Eugene, but also be willing and able to exercise such rights at the time of Eugene's death.[3] Fifth, Alex must outlive Eugene in order to inherit under his will, or else the gift will lapse and be subject to analysis under New York's anti-lapse statute, N.Y. EST. POWERS & TRUSTS LAW § 3-3.3. Under that statute, the ultimate disposition of the gift would further depend on whether Alex has surviving issue at the time of Eugene's death. *See id.* § 3-3.3(2). Sixth, because Eugene's declaration expressly indicates that a bequest to Alex would be contingent upon that bequest being found valid, any such bequest must also be upheld by a New York probate court, though which, under state

---

[2] At oral argument, Eugene's counsel acknowledged that Eugene, consistent with his declaration, has changed his will to include a bequest of the shares at issue to Alex at the time of Eugene's death. However, any amendment by Elizabeth to include that additional fact in her complaint would be futile because of the other remaining contingencies (discussed herein) supporting dismissal of each of the claims.

[3] Elizabeth's alleged willingness and ability to exercise such rights at the present time does not necessarily mean she could exercise them at an unknown date in the future.

6

law, Eugene's estate would need to proceed because it is worth more than $50,000. *See* 27 Carmody-Wait 2d § 156:7. These contingencies collectively render Elizabeth's request for declaratory relief dependent "upon contingent future events that may not occur as anticipated, or indeed may not occur at all," *Texas*, 523 U.S. at 300 (internal quotation marks and citation omitted), and therefore unripe.

## II.    Contract Claims

To avoid dismissal under Rule 12(b)(6), "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Biro*, 807 F.3d at 544 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the dismissal of a complaint for failure to state a claim, we "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor." *Id.* Even assuming *arguendo* that Elizabeth's contract claims would be ripe,[4] we conclude that those claims were properly dismissed because they failed to allege a plausible claim.

Under New York law, anticipatory breach "occurs when, before the time for performance has arisen, a party to a contract declares his intention not to fulfill a contractual duty." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F. 3d 243, 258 (2d Cir. 2002) (internal citations omitted). The stated intent not to perform must be "positive and unequivocal," *DiFolco*, 622 F.3d at 112 (quoting *Tenavision, Inc. v. Neuman*, 45 N.Y.2d 145 (1978)), and "definite and final," *id.* (quoting

---

[4] *See Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n*, 965 F.2d 1224, 1233 (2d Cir. 1992) ("an 'anticipatory breach' (or, rather, breach by anticipatory repudiation) . . . would undoubtedly be ripe for judicial decision in a garden-variety breach of contract case"); *see also Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 632–33 (D.C. Cir. 2017) ("anticipatory breach is 'a doctrine of accelerated ripeness' because it 'gives the plaintiff the option to have the law treat the promise to breach . . . as a breach itself" (quoting *Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr.*, 594 F.3d 285, 294 (4th Cir. 2010))).

*Rachmani Corp. v. 9 E. 96th St. Apt. Corp.*, 629 N.Y.S.2d 382, 385 (1995)).  Here, Eugene's statement of intent to transfer his shares by testamentary bequest, upon which Elizabeth principally relies to establish anticipatory breach, fails to meet these requirements.  His statement is equivocal, because it expressly depends on the provision being found legally valid at the time of his death, and it is not final, because a will is inherently "ambulatory"—that is, subject to continual revision during its author's life, *see Matter of Hennel*, 29 N.Y.3d 487, 493 (2017)—and Eugene explicitly states that his present intent to leave his shares to Alex could change, *see* Joint App'x at 300.[5]  We therefore find that Elizabeth's complaint failed to state a plausible claim of anticipatory breach.

With respect to the breach of contract claim, because Elizabeth has not alleged any further facts supporting a claim of actual breach, as opposed to anticipatory breach, that claim was also properly dismissed for the reasons discussed *supra*.  In other words, as the district court noted, an allegation that Eugene "*may* have already engaged in transfers in violation of [the Shareholder Agreements]" is insufficient to plausibly allege an actual breach of contract.  Joint App'x at 11 (emphasis added).  Such an allegation is insufficient to "nudge[] [her] claim[] across the line from conceivable to plausible," and thus does not survive a motion to dismiss under Rule 12(b)(6).  *Twombly*, 550 U.S. at 570.

### III.    Denial of Leave to Re-Plead

We review *de novo* a district court's denial of leave to amend based on futility.  *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021).  As set forth above, the district court

---

[5]  Eugene also argues, and the district court concluded, that the alleged rights of first refusal at issue are not covered by the doctrine of anticipatory breach because they are merely unilateral promises promises; if Eugene decides to transfer his shares and thereby triggers the right of first refusal provisions, Elizabeth is not contractually obligated to purchase those shares. *See Lucente*, 310 F.3d at 259 n.5 ("New York courts have generally limited the doctrine of anticipatory breach to bilateral contracts requiring mutual and interdependent obligations.").  Because we affirm on other grounds, we do not reach this issue.

correctly identified substantive defects in Elizabeth's anticipatory breach of contract claim and her request for declaratory relief, and Elizabeth's proposed amended complaint did not cure those defects. Accordingly, because there is no indication that the substantive defects in Elizabeth's complaint could be cured with better pleading, the district court properly declined to grant her leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

*         *         *

We have considered Elizabeth's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court