25-1888-cv
Lensendro v. TransUnion LLC

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-six.

PRESENT:  BARRINGTON D. PARKER,
          RAYMOND J. LOHIER, JR.,
          MICHAEL H. PARK,
              *Circuit Judges*.

------------------------------------------------------------------

LAGUERRE LENSENDRO,

     *Plaintiff-Appellant*,

    v.                                        No. 25-1888-cv

TRANSUNION LLC,

     *Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:    Laguerre Lensendro, *pro se*, Norwalk, CT

FOR DEFENDANT-APPELLEE:    Camille R. Nicodemus, Quilling, Selander, Lownds, Winslett & Moser, P.C., Indianapolis, IN

Appeal from a judgment and order of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED, and the appeal is otherwise DISMISSED.

Plaintiff Laguerre Lensendro, representing himself, appeals from the judgment of the United States District Court for the District of Connecticut (Thompson, *J.*) dismissing his claims against Defendant TransUnion LLC for violating the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and from the District Court's order denying his motion for reconsideration.[1]  We assume

---

[1] Lensendro's notice of appeal states that he appeals from the "final judgment" entered on June 30, 2025.  App'x 118.  The only entry in the District Court docket on June 30, 2025 is the District Court's order denying Lensendro's motion for reconsideration. However, we construe Lensendro's notice of appeal liberally as an appeal from both the order denying his motion for reconsideration and the judgment dismissing his claims. *See Marvin v. Goord*, 255 F.3d 40, 42 n.1 (2d Cir. 2001).

2

the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

Before addressing the merits of Lensendro's appeal, we must satisfy ourselves that we have jurisdiction. *See Marquez v. Silver*, 96 F.4th 579, 582 (2d Cir. 2024). Although the District Court did not enter judgment in a separate document as required by Rule 58 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 58(a), "failure to set forth a judgment or order on a separate document when required by [Rule] 58(a) does not affect the validity of an appeal from that judgment or order," Fed. R. App. P. 4(a)(7)(B). Under Rule 58(c)(2)(B), the judgment became final 150 days after the dismissal order was entered on the docket, Fed. R. Civ. P. 58(c)(2)(B), and we deem Lensendro's premature notice of appeal to have been timely filed as of that date, Fed. R. App. P. 4(a)(2); *see Goldberg & Connolly v. N.Y. Cmty. Bancorp, Inc.*, 565 F.3d 66, 71 n.3 (2d Cir. 2009). We therefore have jurisdiction to review Lensendro's appeal from the judgment.

However, an order denying a motion for reconsideration is not subject to the separate document requirement under Rule 58. *See* Fed. R. Civ. P. 58(a)(5). The 30-day period to appeal the order denying reconsideration therefore began to run as soon as that order was entered on the docket. *See* Fed. R. App. P.

3

4(a)(1)(A), (a)(7)(A)(i).  Lensendro's notice of appeal, filed 31 days later, was therefore untimely with respect to the order denying reconsideration and we lack jurisdiction to review that order.

Turning to the merits of Lensendro's challenge to the dismissal order, "[w]e review *de novo* a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)," "accept[ing] as true all facts described in the complaint." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015).  Because Lensendro represents himself, we "interpret his papers liberally to raise the strongest arguments that they suggest."  *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (citation modified).

Lensendro first argues that he adequately pleaded a claim under 15 U.S.C. § 1681e(b), which requires a consumer reporting agency preparing a consumer report to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  To state a § 1681e claim, Lensendro must "establish, among other things, that a credit report contains an inaccuracy."  *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023).  "[A] credit report is inaccurate either when it is patently incorrect or when it is misleading in such a way and to such

an extent that it can be expected to have an adverse effect." *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021) (citation modified).[2]

Lensendro contends that his credit report is inaccurate because it partially redacted certain information, including account numbers, and because it did not include credit account balances or past due amounts for each month during which his accounts were open. We agree with the District Court that these alleged errors do not render the report "patently incorrect" or so misleading as "to have an adverse effect." *Id.* (citation modified). Lensendro also argues that his credit report is inaccurate because it showed balances remaining on accounts that had been "charged off" and subsequently closed. Appellant's Br. 16 (citation modified). But the fact that an account has been charged off and closed does not resolve an outstanding debt with respect to that account. *See In re Anderson*, 884 F.3d 382, 385 (2d Cir. 2018) (explaining that an account is "charged off" where "the bank changed the outstanding debt from a receivable to a loss in its own accounting books" (citation modified)). Accordingly, we agree with the District

---

[2] Lensendro argues that *Mader* and *Shimon* were wrongly decided. But "[i]t is a longstanding rule of our Circuit that a three-judge panel is bound by a prior panel's decision until it is overruled either by this Court sitting *en banc* or by the Supreme Court." *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 378 (2d Cir. 2016).

Court that Lensendro failed to establish an inaccuracy in his credit report and therefore affirm the dismissal of his § 1681e(b) claim.

Lensendro next argues that the District Court erred in dismissing his claim under § 1681i, which requires a consumer reporting agency to conduct a "reasonable reinvestigation" where a consumer disputes the completeness or accuracy of information in their file and to delete or modify information that is "found to be inaccurate or incomplete or cannot be verified." 15 U.S.C. § 1681i(a)(1), (a)(5)(A)(i). Here, Lensendro's complaint and the accompanying exhibits reflect that TransUnion LLC initiated a reinvestigation in response to Lensendro's disputes, made modifications to Lensendro's credit report, and communicated the results of the reinvestigation. We accordingly conclude that Lensendro has not plausibly alleged that TransUnion LLC failed to comply with the procedural requirements in § 1681i.

Finally, Lensendro contends that he adequately pleaded a claim under § 1681n, which imposes liability on "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer." *Id.* § 1681n(a). Because we conclude that Lensendro failed to demonstrate an

6

independent violation of §§ 1681e and 1681i, we also affirm the District Court's conclusion that TransUnion LLC did not willfully violate these sections.

We have considered Lensendro's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED, and the appeal is otherwise DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court