Katzman v. Essex Waterfront Owners LLC

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Argued: October 28, 2011          Decided: November 4, 2011)

_____

DENISE KATZMAN, for herself and for others similarly situated as a Class,

*Plaintiff-Appellant*,

—v.—

ESSEX WATERFRONT OWNERS LLC, ESSEX WATERFRONT URBAN RENEWAL ENTITY, LLC, ESSEX WATERFRONT HOLDING COMPANY LLC, ESSEX WATERFRONT PARTNERS LLC, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, NORTHWESTERN INVESTMENT MANAGEMENT COMPANY LLC, BRIAN FISHER, LESTER FISHER, BOZZUTO MANAGEMENT COMPANY, WACHOVIA MULTIFAMILY CAPITAL INC.,

*Defendants-Appellees*,

GRIFFIN, GRIFFIN & ALEXANDER, P.C.,

*Defendant*.

Docket No. 10-4270-cv

_____

B e f o r e :     SACK, KATZMANN, WESLEY, *Circuit Judges*.

_____

Plaintiff-Appellant Denise Katzman appeals from a judgment of the United States District Court for the Southern District of New York (Batts, *J.*) granting Defendants-Appellants' motion to dismiss her complaint. We hold that Section 7434 of the Internal Revenue Code does not provide a cause of action for a defendant's alleged intentional failure to file an information return. For the reasons stated below, the judgment of the district court is **AFFIRMED**.

_____

Counsel for Plaintiff-Appellant:     HOWARD GOTBETTER, New York, N.Y.

Counsel for Defendants-Appellees:    KEVIN P. SULLIVAN, Gallagher Evelius & Jones
                                     LLP, Baltimore, Md. (James P. Bonner, Susan M.
                                     Davies, Stone Bonner & Rocco, LLP, New York,
                                     N.Y., *on the brief*).
_____

PER CURIAM:

Plaintiff-Appellant Denise Katzman appeals from a judgment of the United States District Court for the Southern District of New York (Batts, *J.*) granting Defendants-Appellants' motion to dismiss her complaint. On appeal, Katzman principally contends that the dismissal of her claim brought pursuant to § 7434 of the Internal Revenue Code, a provision that creates a civil damages remedy for the willful filing of fraudulent "information return[s]," was in error. We hold that Katzman's allegations of an intentional failure to file required information returns do not state a claim under this provision, which by its terms requires an allegation that a fraudulent information return was willfully filed by the defendant. Accordingly, we affirm the district court's judgment.

## BACKGROUND

We set forth below the relevant facts as alleged in the complaint.

Since January 2005, Katzman has been a resident of the Liberty Towers apartment complex in Jersey City, New Jersey. The various defendants in this action include Essex Waterfront Urban Renewal Entity, LLC ("Renewal"), a New Jersey limited liability company that is the ground lessee of Liberty Towers, as well as other entities affiliated with Liberty Towers and Renewal.

2

Katzman alleges that the defendants wrongfully told her and other tenants that their rent security deposits would be held at a Jersey City bank when in fact these deposits and the interest earned thereon were assigned as collateral for a loan provided to Renewal. She also asserts that the interest earned on her and other tenants' security deposits exceeded $10 for the 2005, 2006, 2007, and 2008 tax years, and that Renewal wrongfully failed to send her and other tenants an Internal Revenue Service ("IRS") Form 1099-INT reporting this interest income for those years.

Based on these allegations, Katzman's complaint asserts nine causes of action on behalf of herself and other Liberty Towers residents. The first four claims assert that Renewal violated various provisions of the Internal Revenue Code ("IRC") — specifically, IRC §§ 6049(a), 6722, and 7434 — by failing to furnish correct payee statements to the tenants and file information returns with the IRS for the 2005, 2006, 2007, and 2008 tax years. The final five claims assert violations of New Jersey law relating to the defendants' alleged misuse of the tenants' security deposits and failure to provide tenants with certain notices.

The defendants moved to dismiss Katzman's complaint in its entirety, with prejudice, for failure to state a claim. By Order and Memorandum dated September 29, 2010, the court granted that motion as to Katzman's claims arising under the IRC. *See Katzman v. Essex Waterfront Owners LLC*, No. 09 Civ. 7541 (DAB), 2010 WL 3958819 (S.D.N.Y. Sept. 29, 2010). Insofar as Katzman asserted causes of action under IRC §§ 6049(a) and 6722, the court concluded that those provisions do not provide for a private right of action. As to the claims under § 7434, which does create a private right of action, the court concluded that the intentional non-filing of a Form 1099-INT cannot give rise to liability under the terms of that provision. Having dismissed the federal claims, the court declined to exercise supplemental jurisdiction over the pendent state claims, and accordingly dismissed those claims without prejudice. Final judgment was entered the following day. Katzman timely appealed.

3

The sole issue on appeal is whether Katzman has stated a claim against Renewal for violations of IRC § 7434.[1] We review a district court's grant of a Rule 12(b)(6) motion to dismiss *de novo*, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).

Section 7434 of the IRC, which is entitled "Civil damages for fraudulent filing of information returns," was enacted in 1996 as part of the "Taxpayer Bill of Rights 2," Pub. L. No. 104-168, 110 Stat. 1452. This section states, in pertinent part:

> (a) **In general.** — If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
>
> . . .
>
> (f) **Information return.** — For purposes of this section, the term "information return" means any statement described in section 6724(d)(1)(A).

IRC § 7434. Further, IRC § 6724(d)(1)(A)(iv) defines the term "information return" to include "any statement of the amount of payments to another person required by . . . section 6049(a) (relating to payments of interest)." IRC § 6049(a), in turn, provides that every person who makes payments of "interest," as that term is defined by the IRC, "aggregating $10 or more to any other person during any calendar year . . . shall make a return according to the forms or regulations prescribed by the Secretary, setting forth the aggregate amount of such payments and the name and address of the person to whom paid." The IRS has created the Form 1099-INT for

---

[1] As the district court noted, the nonconclusory factual allegations in Katzman's complaint are directed almost exclusively toward Renewal. Katzman's briefs on appeal appear to challenge only the dismissal of the § 7434 claim against Renewal. Because the briefs lack meaningful argument relating to any other claims or defendants, we treat those issues as abandoned. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

this purpose. *See* Treas. Reg. § 1.6049-4 (2006); IRS, Instructions for Forms 1099-INT and 1099-OID, http://www.irs.gov/pub/irs-pdf/i1099int.pdf (last visited October 28, 2011).

For purposes of our discussion, we assume *arguendo* that the IRC and Treasury Regulations indeed required Renewal to file a Form 1099-INT with the IRS with respect to each tenant whose security deposit earned $10 or more in interest in a given calendar year. *But see* I.R.S. Priv. Ltr. Rul. 90-22-054 (June 1, 1990) (concluding that subject to certain limited exceptions, interest on tenants' security deposits is excluded from the definition of "interest" for purposes of § 6049(a)).

Our task in interpreting the meaning of § 7434 "begins where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989). "In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *Id.* (internal quotation marks omitted). The private right of action created by § 7434(a) applies only "[i]f any person *willfully files* a fraudulent information return." IRC § 7434(a) (emphasis added). We must give the term "willfully files" its "ordinary meaning," *Ransom v. FIA Card Services*, 131 S. Ct. 716, 724 (2011), which plainly does not encompass an alleged *failure* to file a required information return. We thus join the district court and other courts that have considered the issue to hold that an allegation that a person intentionally failed to file a required information return does not state a claim under § 7434. *See Angeloff v. Deardorff*, 2010 WL 4853788, at *3 (M.D. Pa. Nov. 23, 2010); *Rossman v. Lazarus*, 2008 WL 4181195, at *13 (E.D. Va. Sept. 3, 2008).[2]

---

[2] Other courts have similarly held that § 7434 requires the plaintiff to allege that the information return was fraudulent, thus presuming that an information return was filed in the first place. *See, e.g.*, *Nash v. United States*, 2004 WL 3176885, at *3 (E.D. Mo. Oct. 12, 2004) (also

5

While the plain language of the statute obviates any need for further inquiry, we note that our conclusion is consistent with the place of § 7434 in the "overall statutory scheme." *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989). Section 6721 of the IRC sets forth penalties to be paid upon "any failure to file an information return with the Secretary on or before the required filing date." IRC § 6721(a)(2)(A). Relatedly, § 6722 of the IRC establishes penalties due upon "any failure to furnish a payee statement on or before the date prescribed therefor to the person to whom such statement is required to be furnished." *Id.* § 6722(a)(2)(A). These provisions, however, do not create a private right of action. It is therefore apparent that Congress knows how to distinguish between the failure to file an information return and the willful filing of a fraudulent information return. We must respect the intention of Congress to provide a private right of action with respect to the latter but not the former. *See Abrahams v. MTA Long Island Bus*, 644 F.3d 110, 118 (2d Cir. 2011).

Finally, although we are not required to look to legislative history, *see United States v. American Society of Composers, Authors & Publishers*, 627 F.3d 64, 72 n.8 (2d Cir. 2010), we note that the Report of the House Committee on Ways and Means accompanying the Taxpayer Bill of Rights 2 is fully consistent with our conclusion. This report states that § 7434 was enacted to address the fact that "[s]ome taxpayers may suffer significant personal loss and inconvenience as the result of the IRS receiving fraudulent information returns, which have been filed by persons intent on either defrauding the IRS or harassing taxpayers." H.R. Rep. 104-506, at 37, *reprinted in* 1996 U.S.C.C.A.N. 1143, at *1158 (Mar. 28, 1996). The Committee made clear, however, that it did not intend "to open the door to unwarranted or frivolous actions or

___

holding that § 7434 requires the information return to be filed in bad faith); *Bailey v. Shell W. E&P, Inc.*, 1998 WL 185520, at *2 (N.D. Tex. Apr. 14, 1998), *aff'd*, 170 F.3d 184 (5th Cir. 1999) (per curiam) (unpublished disposition).

6

abusive litigation practices." *Id.* Nothing in the legislative history suggests that Congress wished to extend the private right of action that it created to circumstances where the defendant allegedly failed to file an information return.

## CONCLUSION

We have considered Katzman's remaining arguments and find them to be without merit. We hold that the private right of action created by IRC § 7434 requires an allegation that the defendant willfully filed a fraudulent information return. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.