22-1403
Osuagwu v. Home Point Fin. Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-three.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*
------------------------------------------------------------------
CHINONYEREM OSUAGWU, M.D.,

              *Plaintiff-Appellant*,

       v.                                         No. 22-1403

HOME POINT FINANCIAL CORPORATION,
HOME POINT CAPITAL, INC., AMTRUST TITLE
INSURANCE COMPANY, MARIANNE
GONZALEZ, PHYLLIS SIMON, ARVIND
GALABAYA, LEATICIA OSUGWU OR ASUZU,
THOMAS AMADEO, YANIRA AMADEO, JOHN
DOE, JANE DOE, AMTRUST FINANCIAL
SERVICES, INC.,

              *Defendants-Appellees.**
------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT: Chinonyerem Osuagwu, *pro se*, New City, NY

FOR DEFENDANTS-APPELLEES HOME POINT FINANCIAL CORP. AND HOME POINT CAPITAL, INC.: Marc James Ayers, Evan A. Ward, Bradley Arant Boult Cummings LLP, Birmingham, AL

FOR DEFENDANTS-APPELLEES AMTRUST TITLE INSURANCE CO., AMTRUST FINANCIAL SERVICES, INC., THOMAS AMADEO, AND YANIRA AMADEO: Nathaniel Z. Marmur, The Law Offices of Nathaniel Z. Marmur, PLLC, New York, NY

FOR DEFENDANT-APPELLEE MARIANNE GONZALEZ: Rachel Aghassi, Furman Kornfeld & Brennan LLP, New York, NY

FOR DEFENDANTS-APPELLEES PHYLLIS SIMON, ARVIND GALABAYA, AND LEATICIA OSUGWU OR ASUZU: No appearance

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Chinonyerem Osuagwu, proceeding pro se, appeals from a June 27, 2022 order of the United States District Court for the Southern District of New York (Seibel, J.) dismissing his federal claim under § 7434 of the Internal Revenue Code, 26 U.S.C. § 7434(a), for failure to state a claim, dismissing his state claims for lack of subject-matter jurisdiction, and declining to exercise

supplemental jurisdiction over those claims. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The following facts are drawn from Osuagwu's pro se pleadings, which we construe liberally. See Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 145-46 (2d Cir. 2002). During Osuagwu's divorce proceedings, the New York Supreme Court, Rockland County issued orders allowing Osuagwu's former wife to sign documents on his behalf to facilitate the sale of his home against his wish. While his appeal from the divorce proceedings was pending in state court, Osuagwu brought this federal action against the buyers of his former home, the buyers' mortgage bank and its attorney, his former wife and her attorney, and others, alleging that the sale of his home violated state law and that the mortgage bank's attorney filed fraudulent tax forms reflecting what Osuagwu contends was an inaccurate statement of his share of the proceeds from the purportedly illegal sale, in violation of § 7434(a).

In a May 24, 2022 order, the District Court of its own accord dismissed Osuagwu's § 7434(a) claim for failure to state a claim and his state claims for lack of diversity jurisdiction and as barred by either the Younger abstention doctrine,

3

see Younger v. Harris, 401 U.S. 37 (1971), or the Rooker-Feldman doctrine, see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  In the same order, the District Court permitted Osuagwu to replead his § 7434(a) claim against the mortgage bank and its attorney, cautioning that "[i]f [Osuagwu] fails to file an amended complaint within the time allowed, the Court will enter judgment" dismissing the complaint.  App'x 29.  The District Court further explained that, in addition to the reasons for dismissal discussed in the order, it would decline to exercise supplemental jurisdiction over Osuagwu's state claims in the absence of a viable federal claim.  Id.  Instead of amending his federal claim, however, Osuagwu moved for reconsideration and leave to amend the complaint in its entirety.  On June 10, 2022, the District Court denied Osuagwu's motion.  On June 27, 2022, the District Court entered a final order dismissing Osuagwu's complaint.

**I.    Sua Sponte Dismissal**

On appeal, Osuagwu argues that the District Court's sua sponte dismissal of his complaint constituted a denial of due process.  While we have cautioned district courts against sua sponte dismissals without giving the plaintiff prior notice and an opportunity to be heard, see Catzin v. Thank You & Good Luck

4

_Corp._, 899 F.3d 77, 82 (2d Cir. 2018), vacatur is not warranted in this case. By initially dismissing Osuagwu's complaint with leave to amend, the District Court provided Osuagwu with notice and an opportunity to be heard before issuing a final order of dismissal. _See_ _Slayton v. Am. Exp. Co._, 460 F.3d 215, 224 (2d Cir. 2006) ("A dismissal with leave to amend is a non-final order . . . ."); _see_ _also_ _Curcio v. Abrams_, No. 22-693, 2023 WL 31183, at *2 (2d Cir. Jan. 4, 2023) (summary order) (affirming the district court's _sua_ _sponte_ dismissal because "the [_pro_ _se_] plaintiff had an opportunity to file an amended complaint in an initial action but instead began a new action with a complaint largely identical to the first"). While leave to amend extended only to the claim brought under § 7434, the District Court explained that it would decline to exercise supplemental jurisdiction over the remaining state claims only absent a valid federal claim.

Moreover, while the District Court did not afford Osuagwu the same opportunity to amend or defend his other claims before dismissing them, we have approved such dismissals where "it is unmistakably clear that the court lacks jurisdiction" over the claims in question. _Catzin v. Thank You & Good Luck Corp._, 899 F.3d 77, 82 (2d Cir. 2018) (quotation marks omitted); _see, e.g.,_ _Digitel, Inc. v. MCI Worldcom, Inc._, 239 F.3d 187, 189-90 (2d Cir. 2001) (affirming

5

the district court's sua sponte dismissal on subject-matter jurisdiction grounds). Here, for the reasons discussed below, it was unmistakably clear that the District Court lacked subject-matter jurisdiction over Osuagwu's state claims. And in any event, by permitting Osuagwu to cure his federal claim, the District Court left open an avenue for Osuagwu to pursue his state claims under the court's supplemental jurisdiction. Osuagwu declined to avail himself of that opportunity. We conclude that, under these circumstances, granting leave to amend the federal claim—the only basis for federal jurisdiction over his lawsuit—provided Osuagwu with adequate process. The District Court's sua sponte dismissal was therefore not "reversible error." Catzin, 899 F.3d at 82.

**II.   Claim Under § 7434**

We agree with the District Court that Osuagwu failed to state a claim under § 7434(a), a provision that creates a civil damages remedy for the willful filing of "fraudulent information return[s]." We review dismissals under Federal Rule of Civil Procedure 12(b)(6) de novo. See Dolan v. Connolly, 794 F.3d 290, 293 (2d Cir. 2015).

"The private right of action created by § 7434(a) applies only '[i]f any person willfully files a fraudulent information return.'" Katzman v. Essex

6

*Waterfront Owners LLC*, 660 F.3d 565, 568 (2d Cir. 2011) (quoting 26 U.S.C. § 7434(a)). Osuagwu argues that he raised a plausible § 7434(a) claim because the mortgage bank, through its attorney, prepared a Form 1099 that "indicated or intended to indicate to the [Internal Revenue Service] that the transaction from which [the form] arose was a legitimate one, when the opposite is the case." Pl.-Appellant's Br. 48. But even accepting those allegations as true, we agree with the District Court that Osuagwu has failed to demonstrate how the mortgage bank and its attorney's reliance on a court order expressly authorizing the sale (and the means by which it was conducted) could possibly amount to a willful filing of a fraudulent return. *Cf. Maness v. Meyers*, 419 U.S. 449, 458 (1975) (articulating the "basic proposition that all orders and judgments of courts must be complied with promptly"). We therefore conclude that Osuagwu failed to state a claim under § 7434.

**III. Claims Under State Law**

We also affirm the District Court's dismissal of Osuagwu's state claims for lack of subject-matter jurisdiction based on an absence of complete diversity among the parties. Diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity," meaning that "all plaintiffs must be citizens of states

7

diverse from those of all defendants." Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 117–18 (2d Cir. 2014). This case fails that statutory requirement. Osuagwu is a citizen of New York, and although two of the defendants are citizens of Michigan, several other defendants are New York citizens. The District Court therefore properly concluded that it lacked diversity jurisdiction over the state claims.

We also conclude that the District Court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Osuagwu's state claims given its dismissal of the sole federal claim. See Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 123 (2d Cir. 2006) ("Plaintiffs' federal-law claims were eliminated on a motion to dismiss, prior to the investment of significant judicial resources, and we can discern no extraordinary inconvenience or inequity occasioned by permitting the [state] claims to be refiled in state court.").[1]

---

[1] While these are sufficient grounds on which to affirm the District Court's dismissal of Osuagwu's state claims, we also agree with the District Court's initial assessment that Osuagwu's state claims are barred by the Younger abstention doctrine because the relief he seeks would "countermand the state court's orders" directing the sale of his home. App'x 17. As Osuagwu acknowledges on appeal, "his appeal to the New York state [A]ppellate [D]ivision is pending." Pl.-Appellant's Br. 40. Younger abstention applies where, as here, a "federal lawsuit implicates the way that New York courts manage their own divorce and custody proceedings – a subject in which the

8

## IV. Denial of Reconsideration and Leave to Amend

Osuagwu also appeals from the District Court's June 10, 2022 order denying his motion for reconsideration and leave to amend his complaint.

We review the denial of a motion for reconsideration for abuse of discretion. See Trikona Advisers Ltd. v. Chugh, 846 F.3d 22, 29 (2d Cir. 2017). As noted, the District Court properly dismissed Osuagwu's complaint, and in his motion seeking reconsideration Osuagwu identified no controlling decisions or facts that the court had overlooked. Accordingly, we conclude that the District Court did not abuse its discretion in denying his motion for reconsideration. See Cho v. Blackberry Ltd., 991 F.3d 155, 170–71 (2d Cir. 2021).

Osuagwu also appeals the denial of his request for leave to amend his complaint. "Although we generally review" such denials "for abuse of discretion, in cases in which the denial is based on futility, we review de novo that legal conclusion." Melendez v. Sirius XM Radio, Inc., 50 F.4th 294, 309 (2d Cir. 2022) (quoting Shimon v. Equifax Info. Servs. LLC, 994 F.3d 88, 91 (2d Cir.

states have an especially strong interest." Falco v. Justs. of the Matrim. Parts of Sup. Ct. of Suffolk County, 805 F.3d 425, 427 (2d Cir. 2015) (quotation marks omitted). Osuagwu has failed to allege anything about the "subjective motivation of the state [court]" (whether "bad faith" or "bias"), nor any other extraordinary circumstances, that would warrant an exception to this rule. Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 198-201 (2d Cir. 2002).

2021)).  By the time it issued its May 24, 2022 order dismissing the complaint, the District Court had already granted Osuagwu leave to amend his federal claim. Instead of amending his federal claim, however, Osuagwu filed a motion for leave to amend his entire complaint.  The June 10, 2022 order denied that motion on the ground that "[t]he arguments advanced by [Osuagwu] in his motion do not convince [the court] that [its] original ruling was incorrect."  Dist. Ct. Dkt. No. 19 at 1.  But the order also reminded Osuagwu that he "may still replead his claims under 26 U.S.C. § 7434(a) . . . before the thirty-day deadline, as set forth in [the District Court's] original ruling."  Id.  Later that month, on June 27, 2022, the District Court dismissed Osuagwu's complaint with prejudice because he failed to replead his federal claim.  We therefore construe the June 10, 2022 denial of Osuagwu's request for leave to amend as affecting his state claims only.

We agree with the District Court's conclusion that any amendment to Osuagwu's state claims would have been futile.  As discussed above, the District Court properly determined that it lacked subject-matter jurisdiction over Osuagwu's state claims due to the absence of complete diversity of citizenship, among other jurisdictional problems.  To the extent a viable federal claim may have allowed the District Court to exercise supplemental jurisdiction over

10

Osuagwu's state claims, Osuagwu was given the chance to amend his federal claim but failed to do so.  In any case, supplemental jurisdiction is a matter of discretion, not of right.  See United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966).  We therefore affirm the District Court's denial of Osuagwu's request for leave to amend his state claims.

We have considered Osuagwu's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court